**WELLS et al. v. RAY et al.**

Court of Appeals of Kentucky.

Dec. 19, 1952.

Calvert C. Little, London, for appellants.

R. B. Johnson, London, for appellees.

MILLIKEN, Justice.

This is an appeal from a judgment directing the sale of certain real estate in Laurel County to satisfy a mortgage lien for $1,296.94, covering the balance due on the mortgage note payments which were in default.

The appellants had given the note and mortgage to secure the sales price of a sawmill which they had purchased in May, 1948, from the appellees and which they assert in defense was warranted by the appellees to be in good working condition when, in fact, it was not. The parties apparently agreed orally that the appellants were to pay the note at the rate of $8 every 1,000 feet of lumber cut. When the appellants were unable to keep the mill in operation because of mechanical difficulties, no lumber was cut and no payments were made.

The appellants inspected the sawmill in operation before they purchased it. They were not as experienced in the business as were the appellees who sold it to

them and helped them set it up in the new location. The appellants contend that the motor was bad and the wood in its carriage was rotten when they bought the mill, yet it appears to be conceded that appellees cut 5,000 feet of lumber with it the day appellants decided to buy it. The appellants sawed 30,000 to 40,000 feet of timber in a six-months' period after the mill was set up at their location. They unquestionably had trouble with the motor, but they operated the mill and made a number of payments on their indebtedness to the appellees without complaining about the mill. There was no implied warranty as to defects which should have been observed by the appellants at the time of their inspection, KRS 361.150(3), and we agree with the chancellor that the evidence adduced does not establish any breach of direct warranty as to the suitability of the sawmill for the purpose of the appellants.

The judgment is affirmed, with directions that the error in calculating the principal amount be corrected as agreed to by appellees.